IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| MICHAEL A. ELLENBURG, | Cause No. 06-CV-61-M-LBE |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |
| ALLEN POWELL, DEBRA SULLIVAN, LEE RAND, KIRBY CO. OF MONTANA, JULIE B. SCHWARTZ, U OF M ALUMI ASSOCIATION, AND SANDRA GUNDERSON P.P.O., ET. AL. | |
| Defendants. | |

This matter comes before the Court on Plaintiff's "Transverse" (Dkt. # 5) which was filed in response to the Court's Order finding that Plaintiff's Application to Proceed *In Forma Pauperis* was subject to being denied pursuant to Standing Order No. DWM-27. Plaintiff contends that the Court's Order is prejudicial and that the circumstances alleged in his complaint mandate leave to proceed *in forma pauperis*.

Plaintiff contends that his first civil rights action 04-CV-01-H-CSO was filed before the Prison Litigation Reform Act of 1996. However, according to Court records, Plaintiff's Complaint in that action was filed on January 8, 2004 well after the passage of the Prison Litigation Reform Act.

Plaintiff next contends that he was in imminent danger when

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 1

filing the 04-CV-01-H-CSO case.  However, Plaintiff has already been granted permission to proceed *in forma pauperis* in that action and that case has been proceeding for more than two years now.

In order to overcome the requirements of Standing Order No. DWM-27, Plaintiff had to demonstrate that he was under imminent danger of serious physical injury with regard to the action he was seeking to file.  Plaintiff has not done that and based upon Plaintiff's allegations in this case it seems clear that he cannot do so.  Plaintiff's current allegations are that Defendants acted wrongfully in what ultimately lead to the revocation of his probation.  There is no allegation of serious physical injury in these facts.

Accordingly, the Court makes the following:

### RECOMMENDATION

That Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. # 2) be **DENIED** pursuant to Standing Order No. DWM-27.

Should the Court adopt this Recommendation, Plaintiff's Complaint should be **DISMISSED** unless Plaintiff is able to pay the full filing fee of $350.00 within thirty days of the denial of Plaintiff's Motion to Proceed *In Forma Pauperis*.

In accordance with Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998), the Court is not required to give Plaintiff ten days to file written objections to the

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 2

recommendation that his *in forma pauperis* application be denied.
Plaintiff is not entitled to file objections to this
recommendation.  <u>Minetti</u>, 152 F.3d at 1114.  Therefore, the Clerk
of Court is directed to forward this Recommendation directly to
the District Judge for his consideration.

   **PLAINTIFF IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED
OF ANY CHANGE OF ADDRESS.**

   DATED this 24 day of May, 2006.

                              Leif B. Erickson
                              United States Magistrate Judge

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE / PAGE 3